**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2492
_____

THE CLAUDE WORTHINGTON BENEDUM FOUNDATION,
*Appellant*

v.

THE BANK OF NEW YORK MELLON CORPORATION,
BANK OF NEW YORK MELLON

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2:19-cv-00132
District Judge: Honorable J. Nicholas Ranjan

_____

Argued: May 13, 2021
_____

Before: McKEE, JORDAN, and FUENTES, *Circuit Judges*.

(Opinion filed: June 3, 2021)

Jason A. Archinaco **[Argued]**
Michael A. O'Leary
The Archinaco Firm
1100 Liberty Avenue
Suite C-6
Pittsburgh, PA 15222
            *Counsel for Appellant*

Jayme L. Butcher **[Argued]**
Shawna J. Henry
Richard M. Weibley
Blank Rome
501 Grant Street
Suite 850
Pittsburgh, PA 15219
            *Counsel for Appellees*

———————

OPINION[*]

———————

McKee, *Circuit Judge.*

The Claude Worthington Benedum Foundation appeals the District Court's decisions to grant The Bank of New York Mellon Corporation and Bank of New York Mellon's motions to dismiss. Benedum contends the District Court erred in dismissing all three claims: fraud, breach of fiduciary duty based on alleged false representations, and breach of fiduciary duty based on an alleged duty to reveal "best pricing."

In exceptionally well-reasoned and thorough opinions, the District Court explained why it granted the defendants' motions to dismiss against Benedum. We can add little to

———————

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

the Court's explanations. Accordingly, we will affirm substantially for the reasons set forth by the District Court in its thoughtful and thorough opinions dated November 26, 2019 and June 18, 2020.[1]

We add only that, in addition to the reasons relied upon by the District Court, the "Release of BNY Mellon," in paragraph 3 of the Settlement Agreement, precludes Benedum from filing this suit because Benedum explicitly waived the underlying claims.

Accordingly, we will affirm the District Court's grant of Mellon's motions to dismiss.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332(a). We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review and apply the same standard as does the District Court. *Edinboro Coll. Park Apartments v. Edinboro Univ. Found.*, 850 F.3d 567, 572 (3d Cir. 2017).